1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SERGEI PORTNOY,

11          Plaintiff,                    No. CIV S-11-136 GEB DAD (TEMP) PS

12       vs.

13   AMERICAN HONDA FINANCIAL
     SERVICES,
14
            Defendant.                    ORDER
15   _____/

16          Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority

17   pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this

18   court by Local Rule 72-302(c)(21).

19          Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20   unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21   forma pauperis will be granted.  28 U.S.C. § 1915(a).

22          The federal courts are courts of limited jurisdiction.  In the absence of a basis for

23   federal jurisdiction, plaintiff's claims cannot proceed in this venue.  The complaint alleges this

24   court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §

25   1332 (diversity).  Neither of the alleged bases for subject matter jurisdiction appear to be proper.

26   /////

1    To the extent plaintiff alleges federal question jurisdiction is proper because

2  plaintiff pleads a violation of his civil rights, such a claim cannot lie in that defendant does not

3  appear to be a state actor.   The Civil Rights Act provides as follows:

4           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
5           deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
6           law, suit in equity, or other proper proceeding for redress.

7  42 U.S.C. § 1983.

8    To state a claim under § 1983, a plaintiff must allege that:  (1) defendant was

9  acting under color of state law at the time the complained of act was committed; and (2)

10 defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

11 Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48

12 (1988).  Here, plaintiff alleges that the defendant is a financial lending corporation which caused

13 his vehicle to be repossessed.  There is no allegation of conduct by defendant that can be fairly

14 characterized as state action.

15    With respect to diversity jurisdiction, plaintiff alleges defendant was a corporation

16 doing business in the State of California.  Plaintiff also alleges he is a resident of the State of

17 California.  There are no other allegations pertaining to diversity of citizenship.  Under these

18 circumstances, diversity jurisdiction is lacking.

19    From the allegations of the complaint, the court cannot discern any proper basis

20 for subject matter jurisdiction.

21    Accordingly, IT IS HEREBY ORDERED that:

22    1.  Plaintiff's request to proceed in forma pauperis is granted; and

23 /////

24 /////

25 /////

26 /////

2.  No later than January 28, 2011, plaintiff shall show cause why this action should not be dismissed for lack of subject matter jurisdiction.

DATED: January 18, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

JMM
portnoy-honda.ifp-osc

3